UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LESLIE ROMAN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 18-CV-02501-LHK<br>Case No. 15-CR-00264-LHK-8<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>Re: Dkt. No. 1 (18-CV-02501-LHK)<br>Re: Dkt. No. 717 (15-CR-00264-LHK-8) |

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Leslie Roman ("Petitioner"), acting *pro se*. ECF No. 1 ("Mot.").[1] Petitioner seeks to vacate, set aside, or correct his sentence in light of the United States Supreme Court's decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Petitioner's motion to vacate, set aside, or correct Petitioner's sentence.

## I. BACKGROUND

### A. Factual Background

---

[1] All ECF citations in this Order are to Case No. 18-CV-02501 unless otherwise noted.

1
Case No. 18-CV-02501-LHK
Case No. 15-CR-00264-LHK-8
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

### 1. The Indictment and Petitioner's Plea Agreement

On May 14, 2015, a federal grand jury returned a three-count indictment ("Indictment") charging Petitioner and ten other individuals with conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. § 2320(a) (Count I); conspiracy to commit criminal copyright infringement, in violation of 18 U.S.C. § 371 (Count II), and conspiracy to introduce misbranded food into interstate commerce, in violation of 18 U.S.C. § 371 (Count III). ECF No. 4-1 ("Indictment"), at 5–10. Specifically, the Indictment charged Petitioner and ten other individuals with a scheme to illegally repackage and counterfeit 5-Hour ENERGY dietary supplements. *Id.*

On May 10, 2016, the Court found that Counts II and III were "multiplicitous of each other." *United States v. Shayota*, Case No. 5:15-CR-00264-LHK-8, Dkt. No. 144, at 6 (N.D. Cal. May 10, 2016). Accordingly, Petitioner and his co-defendants agreed to waive the Indictment and consent to the Government's filing of a superseding information ("Superseding Information") to consolidate Counts II and III. *Id.* at Dkt. No. 181 (N.D. Cal. July 8, 2016). The Superseding Information was filed on June 29, 2016. *See* Superseding Information, ECF No. 4-2, at 1. The Superseding Information charged Petitioner and his co-defendants with conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. § 2320(a) (Count I); and conspiracy to commit criminal copyright infringement and to introduce misbranded food into interstate commerce, in violation of 18 U.S.C. § 371 (Count II). *Id.* at 5–10.

On September 23, 2016, with the assistance of counsel, Petitioner executed a plea agreement ("Plea Agreement") pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B). Plea Agreement, ECF No. 4-3, at 1. The Plea Agreement provided that Petitioner agreed to plead guilty to conspiracy to commit criminal copyright infringement and to introduce misbranded food into interstate commerce in violation of 18 U.S.C. § 371, as alleged in Count II of the Superseding Information. *Id.* at 1.

Furthermore, the Plea Agreement provided in relevant part: "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28

2

U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective. I also agree not to seek relief under l8 U.S.C. § 3582." *Id.* at ¶ 5. The Plea Agreement also provided that Petitioner agreed to "give up my right to appeal my conviction, the judgment, and orders of the Court, as well as any aspect of my sentence, including any orders relating to forfeiture and/or restitution, except that I reserve my right to claim that my counsel was ineffective." *Id.* at ¶ 5.

### 2. Petitioner's Guilty Plea

On September 23, 2016, pursuant to the Plea Agreement, Petitioner, under penalty of perjury, changed his plea from not guilty to guilty. Specifically, Petitioner pled guilty before the Court to one count of conspiracy to commit criminal copyright infringement and to introduce misbranded food into interstate commerce, in violation of 18 U.S.C. § 371. Plea Transcript, ECF No. 4-4, at 19 ("Plea Tr."). During the change of plea hearing, the Court and Petitioner engaged in the following colloquy:

> The Court: Did you read your plea agreement?
>
> Petitioner: Yes, your honor.
>
> The Court: Do you understand your plea agreement?
>
> Petitioner: Yes, your honor.
>
> The Court: Have you had enough time to discuss your plea agreement with your attorney?
>
> Petitioner: Yes, your honor.
>
> . . . .
>
> The Court: Is your decision to plead guilty free and voluntary?
>
> Petitioner: Yes.

*Id.* at 4–5. The Court and Petitioner subsequently engaged in the following colloquy regarding Petitioner's waiver of the right to file a petition or motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and l8 U.S.C. § 3582:

> The Court: Do you understand that you also have the right to file other types of motions or petitions attacking orders made by the court, your conviction, and your sentence?
>
> Petitioner: Yes.
>
> The Court: Do you understand that in paragraph five of your plea agreement you are giving up your right to file any collateral attack on your conviction or your sentence, except you are keeping the right to claim that your lawyer was not effective, but you're also giving up the right not to seek relief under 18 U.S.C. Section 3582, and 28 U.S.C. 2255 and 2241. Do you understand the rights that you are giving up and the right that you are keeping in paragraph five of your plea agreement?
>
> Petitioner: Yes.
>
> The Court: Is that what you wish to do, sir?
>
> Petitioner: Yes, your Honor.

*Id.* at 9–10. After an extensive colloquy, the Court found that Petitioner "made a knowing, intelligent, free, and voluntary waiver of his rights and entry of a guilty plea." *Id.* at 20.

### 3. Petitioner's Sentence

On May 24, 2017, the Court sentenced Petitioner. Sentencing Transcript, ECF No. 4-5 ("Sentencing Tr."). The Court balanced the severity of Petitioner's offense against Petitioner's personal history and characteristics, which the Court found "extremely mitigating." *Id.* at 63. Accordingly, the Court sentenced Petitioner to 32 months imprisonment, 3 years of supervised release, and restitution. *Id.* at 65. Petitioner's sentence represented a significant downward variance from the United States Sentencing Guidelines range of 57 to 71 months imprisonment. *Id.* at 61.

## II. LEGAL STANDARD

A § 2255 motion to set aside, correct or vacate a sentence of a person in federal custody entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files

4

Case No. 18-CV-02501-LHK
Case No. 15-CR-00264-LHK-8
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (internal quotation marks omitted). A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). Accordingly, an evidentiary hearing is required only if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. *See Howard*, 381 F.3d at 877.

## III. DISCUSSION

Petitioner requests that the Court set aside, correct, or vacate his sentence on the basis of the United States Supreme Court's intervening decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). Specifically, Petitioner argues that in light of *Nelson*, Petitioner's sentence was "unconstitutionally enhanced by the use of relevant conduct" under the United States Sentencing Guidelines ("U.S.S.G.") and Petitioner "is now presumed innocent." Mot. at 4. Petitioner further argues that "the intervening decision in *Nelson*, [sic] imposes Constitutional limits on the reach of Relevant Conduct . . . . [Petitioner] is now presumed innocent of the acts and conduct used to enhance the sentence." *Id.* Petitioner therefore requests that the Court vacate Petitioner's sentence or, in the alternative, resentence Petitioner. *Id.* at 42.

The Government argues in opposition that Petitioner (1) has waived his right to bring a motion pursuant to § 2255 unless there is a claim of ineffective assistance of counsel; and (2) *Nelson* has no application to the facts of the instant case. Opp. at 1. Specifically, the Government argues that in *Nelson*, the United States Supreme Court "invalidated a Colorado statute that required a person whose conviction had been overturned to prove her innocence by clear and convincing evidence in order to receive a refund of costs, fees, and restitution paid pursuant to the invalid conviction." *Id.* As such, the Government argues, *Nelson* does not implicate the U.S.S.G.

5
Case No. 18-CV-02501-LHK
Case No. 15-CR-00264-LHK-8
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

1  and *Nelson* did not discuss sentencing or the use of uncharged conduct for sentencing purposes.
2  *Id.* Accordingly, the Government argues that *Nelson* does not provide a basis to vacate, set aside,
3  or modify Petitioner's sentence.
4        The Court first determines whether Petitioner's release from detention renders Petitioner's
5  motion moot. The Court then turns to whether Petitioner waived his right to bring a motion
6  pursuant to 28 U.S.C. § 2255. Finally, the Court considers whether Petitioner's argument has
7  merit under the United States Supreme Court's decision in *Nelson v. Colorado*, 137 S. Ct. 1249
8  (2017).

### A. Mootness

      The Court first considers whether Petitioner's motion is moot as a result of Petitioner's release from detention. The Government's opposition explains that Petitioner was scheduled to be released from detention on October 12, 2019. Opp. at 6. The Bureau of Prisons inmate locator indicates that Petitioner was released from detention on October 11, 2019. *See* Federal Bureau of Prisons Inmate Locator, at https://www.bop.gov/inmateloc/ (last visited September 8, 2021).

      "[A] defendant seeking relief under 28 U.S.C. § 2255 . . . must be in custody, [and] . . . claim the right to be released from custody." *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999). Petitioner has been released from the Bureau of Prisons. However, per the terms of Petitioner's sentence, Petitioner must serve three years of supervised release, which therefore runs through October 11, 2022. "[A] habeas petitioner remains in the custody of the United States while on supervised release." *Mujahid v. Daniels*, 413 F. 3d 991, 994 (9th Cir. 2005). Accordingly, under Ninth Circuit law, Petitioner remains in custody within the meaning of § 2255 and Petitioner's motion is not moot. *Id.* (explaining that release from detention does not render a petition moot if Petitioner could receive a reduction in his term of supervised release).

### B. Petitioner's Waiver of Rights

      Under Ninth Circuit law, a defendant may enter into a plea agreement that expressly waives the statutory right to bring a motion under 28 U.S.C. § 2255 challenging the conviction or

6

Case No. 18-CV-02501-LHK
Case No. 15-CR-00264-LHK-8
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (explaining what rights may be waived in a plea agreement). Two claims that cannot be waived, however, are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *Washington v. Lampert*, 422 F.3d 864, 870–71 (9th Cir. 2005) (explaining rights that cannot be waived by plea agreement).

"Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270–71 (9th Cir. 1998)). As to the first requirement, "a court looks to, and enforces, the plain language of a contract and does not look to 'extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument.'" *Id.* (quoting *Wilson Arlington Co. v. Prudential Ins. Co. of Am.*, 912 F.2d 366, 370 (9th Cir. 1990)). The Court addresses each requirement in turn.

First, Petitioner's Plea Agreement states clearly: "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective." Plea Agreement at ¶ 5. Thus, the clear and unambiguous language of the Plea Agreement precludes Petitioner from filing a motion pursuant to § 2255, except where Petitioner brings a claim for ineffective assistance of counsel. Petitioner's motion does not claim that Petitioner received ineffective assistance of counsel.

Second, when Petitioner pled guilty, the Court confirmed that Petitioner understood that he was waiving his right to file a motion pursuant to § 2255 unless Petitioner claimed that his counsel was ineffective. The Court thus conducted the following colloquy with Petitioner:

> The Court: Do you understand that you also have the right to file other types of motions or petitions attacking orders made by the court, your conviction, and your sentence?
>
> Petitioner: Yes.

7
Case No. 18-CV-02501-LHK
Case No. 15-CR-00264-LHK-8
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

> The Court: Do you understand that in paragraph five of your plea agreement you are giving up your right to file any collateral attack on your conviction or your sentence, except you are keeping the right to claim that your lawyer was not effective, but you're also giving up the right not to seek relief under 18 U.S.C. Section 3582, and 28 U.S.C. 2255 and 2241. Do you understand the rights that you are giving up and the right that you are keeping in paragraph five of your plea agreement?
>
> Petitioner: Yes.
>
> The Court: Is that what you wish to do, sir?
>
> Petitioner: Yes, your Honor.

Plea Tr. at 9–10. The Court subsequently stated on the record that "[t]he Court accepts the plea and finds that Mr. Roman has made a knowing, intelligent, free, and voluntary waiver of rights and entry of a guilty plea." *Id.* at 20. Furthermore, Petitioner's motion does not claim that Petitioner's Plea Agreement was not entered into knowingly and voluntarily. Thus, Petitioner's waiver was "knowingly and voluntarily made." *Nunez*, 223 F.3d at 958. Accordingly, the Court will enforce Petitioner's waiver of his right to bring a motion pursuant to § 2255.

The Court therefore finds that Petitioner is not entitled to relief under § 2255. The language of Petitioner's Plea Agreement clearly forecloses Petitioner's right to appeal on all grounds other than a claim for ineffective assistance of counsel. Furthermore, the Court determined that Petitioner entered into the Plea Agreement knowingly and voluntarily. As such, Petitioner has waived his right to bring the instant motion and Petitioner's motion must be DENIED.

**C. Petitioner's Claim Lacks Merit**

Even if Petitioner had not waived the right to collaterally attack his sentence, Petitioner's claim that his sentence was unconstitutionally enhanced by the use of relevant conduct lacks merit. Petitioner argues that the United States Supreme Court's decision in *Nelson v. Colorado* overruled *United States v. Watts* and "imposed constitutional limitations on the reach of 'relevant conduct' and narrowed the scope of 18 U.S.C. § 3661, placing conduct for which a defendant is presumed innocent, beyond the reach of the law." Mot. at 20. Petitioner thus argues that he is "now

8

presumed innocent of the acts and conduct used to enhance the sentence." *Id.* at 4.  The Government argues that *Nelson* has no application to the claim at issue or to the use of relevant conduct at sentencing.  Opp. at 8.

In *Nelson*, the United States Supreme Court held that the Colorado statute at issue violated due process by requiring a defendant whose conviction had been reversed or vacated to prove his innocence by clear and convincing evidence in order to obtain a refund of costs and restitution paid to the state as a result of the invalidated conviction.  *See Nelson*, 137 S. Ct. at 1255.  Accordingly, the United States Supreme Court held that once a conviction is invalidated, the presumption of innocence is restored and the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty enough for monetary exactions." *Id.* at 1256.

Importantly, the United States Supreme Court's decision in *Nelson* did not address the use of relevant conduct at sentencing or the U.S.S.G.  Furthermore, the decision did not mention or otherwise overrule the United States Supreme Court's decision in *United States v. Watts*, 519 U.S. 148 (1997), which held that a district court may consider relevant acquitted conduct when sentencing a defendant if the government establishes that conduct by a preponderance of the evidence.

Furthermore, the Court notes that multiple district courts in this circuit have considered and rejected almost identical arguments regarding the application of *Nelson* to claims challenging the use of relevant conduct at sentencing.  *See, e.g., United States v. Serna*, 2018 WL 9650952, at *3 (D. Ariz. Sept. 11, 2018) (rejecting argument that *Nelson* has any bearing on sentence based on relevant conduct and finding that *Nelson* does not overrule *Watts*); *Proshak v. United States*, 2018 WL 6137142, at *2 (C.D. Cal. Sept. 6, 2018) (same); *United States v. Ortiz Troncoza*, 2018 WL 10811256. At *2 (D. Ariz. Aug. 3, 2018) (same).  Finally, the Court notes that in a recent unpublished decision, the Ninth Circuit firmly rejected the argument that *Nelson* overruled or otherwise contradicted *Watts*.  *United States v. Moreno Ornelas*, 814 Fed. Appx. 313, 315 (9th Cir. 2020) (explaining that *Nelson* "does not contradict *Watts's* holding that if a defendant is

9
Case No. 18-CV-02501-LHK
Case No. 15-CR-00264-LHK-8
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

convicted of an offense, the district court can consider all relevant conduct at sentencing.") (unpublished). Although the Ninth Circuit's decision in *Moreno Ornelas* is not binding precedent, it does help confirm that *Nelson* has no bearing on the use of relevant conduct at sentencing.

Accordingly, the Court finds that Plaintiff's motion to vacate, set aside, or correct sentence pursuant to § 2255 lacks merit and must be DENIED.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED. No certificate of appealability shall issue, as Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: September 14, 2021

_____
LUCY H. KOH
United States District Judge